**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| _____ : | | |
| : | | |
| BRIAN CARTER, : | | |
| : | | |
| Plaintiff, : | | |
| v. : | Civil Action No. 08-1301 (JAP) | |
| : | | |
| ESTATE OF GEORGE BALDWIN : | **OPINION** | |
| LEWIS, JR., et al. : | | |
| : | | |
| Defendants. : | | |
| : | | |
| _____ : | | |

Presently before the Court is a motion by defendant New Jersey Division of Youth and Family Services ("DYFS") seeking (1) dismissal under Federal Rule of Civil Procedure 12(b)(6) of Plaintiff's civil rights claims; and (2) summary judgment in favor of DYFS with respect to Plaintiff's tort claims for failure to file a timely notice of claim.  In response to the state's motion, *pro se* plaintiff, Brian Carter has moved for leave to file a late notice of claim. Also before the Court is (1) a motion by Plaintiff for default judgment against all defendants and for the appointment of counsel; and (2) a motion by defendant Shrewsbury Avenue AME Zion Church ("Zion Church") for dismissal under Rule 12(b)(6).  Plaintiff has also filed an application captioned "Emergency Order to Show Cause" by which Plaintiff seeks an Order compelling certain discovery.

For the reasons below, Plaintiff's claims for battery, intentional infliction of emotional distress, and negligence shall proceed against the Estate, and Plaintiff's motion for default

judgment against the Estate is granted as to these claims.  Plaintiff's remaining claims against the Estate and all claims against the remaining defendants are dismissed.  The Court shall appoint counsel to assist Plaintiff in this matter, and Plaintiff's application for an Order compelling discovery shall be dismissed without prejudice to being renewed, if appropriate, after the appointment of counsel.

A.  Motion by DYFS to Dismiss Civil Rights Claims

The claims in this case arise from Plaintiff's allegations that he was sexually abused as a child by his guardian, Reverend George Baldwin Lewis, now deceased.[1]  Plaintiff alleges that DYFS and the other defendants "abandoned, ignored, refused, neglected and failed to assist plaintiff either by removal from the reverend's home, criminally or even civilly prosecuting and charging the pedophile reverend."  Compl.[2] ¶ 10.  According to the complaint, the alleged abuse began when Plaintiff was eight or nine years old and continued until he was fifteen.  The complaint does not state how old Plaintiff is now, other than to say that he is an adult.  However, in the papers accompanying Plaintiff's motion for leave to file a late notice of claim, Plaintiff states that his date of birth is August 21, 1984.  As such, it appears that the acts alleged in the complaint took place between approximately 1992 and 1999.

The complaint contains two civil rights claims against DYFS, the first under 42 U.S.C.

_____

[1]The Court has been advised that George Lewis died in September of 2000.  *See* Letter and death certificate at docket entry no. 44.

[2]References herein to "Compl." or "complaint" refer to Plaintiff's amended complaint filed on August 6, 2008.

§ 1983 (designated in the complaint as "Sixth Cause of Action") and the second under 42

U.S.C. § 1981 (designated "Eighth Cause of Action").  DYFS argues that the Eleventh

Amendment limitation on federal suits against the states bars both the § 1983 and § 1981

claims against DYFS and, further, that DYFS is not a "person" subject to suit under § 1983,

*see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed.2d 45 (1989)

(stating that "neither a state nor its officials acting in their official capacities are persons under

§ 1983") .

The Eleventh Amendment to the Constitution of the United States provides that, "[t]he

Judicial power of the United States shall not be construed to extend to any suit in law or

equity, commenced or prosecuted against one of the United States by Citizens of another

State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.  As such, this

Amendment bars suits against any state, or its agencies, in federal court by that state's own

citizens or citizens of other states.  *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347,

39 L.Ed.2d 662 (1974); *see also Bennett v. Atlantic City*, 288 F. Supp. 2d 675, 679

(D.N.J.2003) (stating that "[t]he breadth of state sovereign immunity protects not only states,

but expands to protect entities and persons who can show that, even though the State is not the

named defendant, the state is the real, substantial party in interest.").  Therefore, absent

waiver, neither a state nor agencies under its control may be subjected to lawsuits in federal

court.  *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144

(1993); *Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 473 (1987).

Consequently, because DYFS is an agency of the state of New Jersey, it is immune

from Plaintiff's civil rights claims under the Eleventh Amendment.  These claims, therefore, are dismissed against this defendant.[3]

B.  Motion by DYFS for Summary Judgment

Plaintiff has alleged the following state law tort claims against DYFS: battery, "seduction," "willful misconduct," intentional infliction of emotional distress, fraud, negligence, "civil public nuisance," "common law conspiracy," and "child forced into ultrahazardous activity."  DYFS contends that these claims must be dismissed because Plaintiff failed serve DYFS with a notice of claim as required by the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq*.  The Tort Claims Act provides that no lawsuit may be brought against a public entity or public employer unless the plaintiff (1) first serves the public entity or public employer with a notice setting forth the content of the presented claim within 90 days of the accrual of the claim, and (2) does not file a lawsuit until at least six months after the date of the notice.  N.J.S.A. 59:8-8.

Here, there is no dispute that Plaintiff has failed to file the appropriate notice of claim.  However, in response to the motion by DYFS, Plaintiff now moves for leave to file a late notice of claim.  N.J.S.A. 59:8-9 permits a court to extend the deadline for a plaintiff to file the notice upon a showing of extraordinary circumstances.  This statute provides,

> [a] claimant who fails to file notice of his claim within 90 days as provided in
> section 59:8-8 of this act, may, in the discretion of a judge of the Superior
> Court, be permitted to file such notice at any time within one year after the
> accrual of his claim provided that the public entity or the public employee has

---

[3]Because the Court finds that DYFS is immune from suit under the Eleventh Amendment it does not reach DYFS's argument as to whether DYFS is a "person" subject to suit under § 1983.

not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter; provided that in no event may any suit against a public entity or a public employee arising under this act be filed later than two years from the time of the accrual of the claim.

N.J.S.A. 59:8-9.

The Court finds that Plaintiff's motion is untimely. A court has jurisdiction to extend the time for a plaintiff to file a late notice of claim for only one year after the accrual of that claim. *See Williams v. Maccarelli*, 266 N.J. Super. 676, 679 (App. Div. 1993) ("The court is without jurisdiction to permit filing of a late notice of claim more than one year after the accrual of the claimant's cause of action.") While it is not clear from the face of the complaint exactly when Plaintiff's claims accrued, it is clear that the latest they could have accrued was December 24, 2007. It is on that date that Plaintiff alleges he realized and fully comprehended "the severity of the acts or inactions by the defendants." Am. Compl. ¶ 12. However, Plaintiff's motion for leave to file a late notice was not filed until January 22, 2009, more than a year after the latest date his claims against DYFS could have accrued. Consequently, Plaintiff's motion to file a late notice of claim is denied. Because Plaintiff failed to file a timely notice of claim, his state law tort claims against DYFS are dismissed.

C.  Remaining Defendants

Zion Church has moved for dismissal under Rule 12(b)(6) alleging that Plaintiff has failed to state a claim against it upon which relief can be granted. Additionally, because

Plaintiff is proceeding in this case *in forma pauperis*, 28 U.S.C. § 1915 permits the Court to review the complaint and to "dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Therefore, the Court will at this time review each of the claims under these standards with respect to the additional defendants, *i.e.*, the estate of George Baldwin Lewis Jr. (the "Estate"), Theodore Calhoun, an employee of Zion Church ("Calhoun"), and Jeffrey Allen, M.D ("Allen").

1.  Federal Law Claims

The first of Plaintiff's two federal claims against the remaining defendants is brought under 42 U.S.C. § 1983 "against all defendants for civil rights violations."  Compl., Sixth Cause of Action.  "To make a prima facie case under § 1983, the plaintiff must demonstrate that a person acting under color of law deprived him of a federal right."  *Berg v. County of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995)).  Here, the Court finds that the facts described in the complaint, taken as true, do not allege the deprivation of a constitutional right through state action.

As noted earlier, the complaint alleges that during the period Plaintiff was between the ages of 8 or 9 and 15, he was allegedly sexually abused by defendant Lewis.  Plaintiff claims the other defendants failed to protect him and that they "knew of a serious risk of harm" but nevertheless "allowed [Lewis] . . . to become guardian over the child plaintiff."  Compl. ¶ 18. These defendants allegedly "abandoned, ignored, refused, neglected and failed to assist the

6

plaintiff." *Id.* at ¶ 10.  However, there are simply no facts contained in the complaint from which the Court can infer that defendants Lewis, Calhoun, Zion Church and Allen were "person[s] acting under color of state law" under § 1983.  *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1368 (3d Cir. 1992) ("It is clear that § 1983 actions may only be maintained against persons acting under color of state law.").  Accordingly, Plaintiff has failed to state a § 1983 claim against Lewis, Calhoun, and Allen, and Plaintiff's "Sixth Cause of Action" is dismissed as to those defendants.

Plaintiff's second federal law claim is brought under 42 U.S.C. § 1981.  This section provides that

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).  Although Plaintiff's complaint states that he is an African American, Plaintiff has pled no other facts that can be construed to support a claim under § 1981.  Accordingly, Plaintiff's Eighth Cause of Action is dismissed because it fails to state a claim on which relief can be granted.

2.  State Law Claims

a.  Battery

Plaintiff's "Second Cause of Action"[4] is for battery.  Battery is an "unauthorized invasion of the plaintiff's person . . . .  Any non-consensual touching is a battery."  *Russo*

---

[4]The complaint does not contain a "First Cause of Action."

*Farms, Inc. v. Vineland Bd. of Educ.*, 144 N.J. 84, 105 (1996).  Plaintiff purports to bring this claim against all defendants.  However, the complaint is devoid of any facts that would support a claim of battery against Calhoun, Zion Church and Allen.  Consequently, this claim is dismissed as to these defendants as it fails to state a claim upon which relief can be granted.

b.  Seduction

"'Seduction' is a common law tort actionable by a parent against an individual for violating their daughter's virginity."  *C.M. v. J.M.*, 320 N.J.Super. 119, 124 (Ch. Div. 1999).  Thus, it is not applicable under the facts alleged in the instant case.  Moreover, this right of action was abolished by statute.  N.J.S.A. 2A:23-1 ("The rights of action formerly existing to recover sums of money as damage for the alienation of affections, criminal conversation, seduction or breach of contract to marry are abolished from and after June 27, 1935.").  Consequently, Plaintiff's "Third Cause of Action" is dismissed.

c.  "Willful Misconduct"

Plaintiff's "Fourth Cause of Action" is entitled "Willful Misconduct" in which Plaintiff alleges that "each defendant . . . willfully violated applicable penal laws of the State of New Jersey."  Compl. ¶ 29.  The Court will construe this claim as one for prima facie tort.

The New Jersey Supreme Court has recognized that a prima facie tort cause of action encompasses "intentional, willful and malicious harms" that fall within gaps of the law.  *Taylor v. Metzger*, 152 N.J. 490, 523 (1998) (internal quotations omitted).  However, "the availability of the prima facie tort doctrine is limited exclusively to those instances of intentional and culpable conduct unjustified under the circumstances that, as a threshold

8

matter, do not fall within a traditional tort cause of action." *Pulaski Constr. Co. v. Air Frame Hangars, Inc.*, 195 N.J. 457, 470 (2008).  In the instant case, Plaintiff has pled other causes of action which address his allegations of defendants' allegedly willful misconduct.   As such, the Court will dismiss the prima facie tort claim because it is not a "gap-filler." *Dixon v. CEC Entertainment, Inc.*,  2008 WL 2986422, *10 (N.J. Super App. Div. 2008).

d.  Intentional Infliction of Emotional Distress

Intentional infliction of emotional distress is conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Buckley v. Trenton Sav. Fund Soc.*, 111 N.J. 355, 366 (1988).  To state a claim for intentional infliction of emotional distress ("IIED"), the plaintiff must show that (1) defendant acted intentionally or recklessly, (2) the conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community, (3) defendant's conduct is the proximate cause of plaintiff s emotional distress, and (4) the distress was so severe that no reasonable person could be expected to endure it. *Id.*  Like Plaintiff's battery claim, the complaint simply does not set forth sufficient factual allegations to state a claim of IIED against defendants Calhoun, Zion Church and Allen. Consequently, this claim is dismissed.

e.  Fraud

Plaintiff's "Seventh Cause of Action" is for fraud.  A party asserting a claim of fraud must establish five elements: a material misrepresentation of a presently existing or past fact,

made with the knowledge or belief in its falsity, made with intent that the other party rely

upon it, reasonable reliance and subsequent detriment. *Banco Popular No. America v. Gandi*,

184 N.J. 161, 172-73, 876 A.2d 253 (2005).  Plaintiff's fraud claims here are based on

allegations that the "defendants" represented that "they had the professional ability . . . to

continuously monitor and provide for[] the proper and adequate care [of] African-American

youths in the foster care system" when, according to Plaintiff, they had no such "professional

ability."  Compl. ¶¶ 49-50.  Plaintiff's allegations do not meet the requirements for stating a

claim for fraud, as Plaintiff has not pled facts that establish the requisite elements.  This claim,

therefore, will be dismissed as to all defendants for failure to state a claim upon which relief

can be granted.

f.  Negligence

Three elements are essential for the existence of a cause of action in negligence: (1) a

duty of care owed by defendant to plaintiff; (2) a breach of that duty by defendant; and (3) an

injury to plaintiff proximately caused by defendant's breach.  *Endre v. Arnold*, 300 N.J.Super.

136, 142 (App. Div. 1997).  Because the complaint does not set forth the nature of the

relationship of Calhoun, Zion Church and Allen to Plaintiff or what, if any, duty of care the

defendants owed to him, the complaint lacks factual allegations to support this essential

element of a negligence claim.  The claim for negligence against these defendants,

consequently, shall be dismissed.

g. "Civil Public Nuisance Against Child Sex Slavers"

Plaintiff's "Tenth Cause of Action" alleges that defendants have created a public

nuisance hazardous to the public health by engaging in an "illegitimate child sex slave market."  Compl. ¶ 67.  "A public nuisance is an unreasonable interference with a right common to the general public."  *In re Lead Paint Litigation*, 191 N.J. 405, 425 (2007).   It may involve, for example, "a significant interference with the public health, the public safety, the public peace, the public comfort or the public convenience."  Restatement (Second) Torts § 821B.  Importantly, a public right is more than an aggregate of private rights by a large number of injured people.  *See* Restatement (Second) Torts § 821B, cmt. g at 92.

The complaint states in a conclusory fashion that the "actions and omissions on the part of defendants" have interfered with the "common right of the citizens of Monmouth County to be free from avoidable injury or death (STD/HIV/AIDS infections/Mental Health Issues)."  It does not, however, set forth facts that, if taken as true, establish the existence of a public nuisance.  Rather, the complaint appears to allege interference with the private rights of a discreet group of individuals, namely, those children allegedly subjected to the treatment Plaintiff claims.  Consequently, Plaintiff's "Tenth Cause of Action" is dismissed.

<u>h.  Conspiracy</u>

Plaintiff's Eleventh Cause of Action is for "Common Law Conspiracy."  In New Jersey, a civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage."  *Morgan v. Union County Bd. of Chosen Freeholders*, 268 N.J.Super. 337, 364 (App. Div. 1993).  Thus, under New Jersey law, the elements of a civil conspiracy are (1) a combination of two or more persons; (2) a real

agreement or confederation with a common design; (3) the existence of an unlawful purpose to be achieved by unlawful means; and (4) special damages." *Farris v. County of Camden*, 61 F. Supp. 2d 307, 330 (D.N.J. 1999).  All of these elements must be pleaded with adequate specificity to give notice of the nature of the conspiracy alleged.  Fed. R. Civ. P. 9(b); *Downey v. Coalition Against Rape & Abuse, Inc.*, 143 F. Supp. 2d 423, 446 (D.N.J. 2001).

Plaintiff here has not pled his conspiracy claim with sufficient specificity to survive a motion to dismiss.  Rather, the complaint sets forth the conspiracy allegations in a conclusory fashion.  For example, with respect to the element of an agreement, the complaint alleges: "[T]hrough a common agreement and desire, the defendant [sic] participated in schemes and machinations described through out [sic] this complaint to the injury of the  plaintiff."  However, there are no factual allegations in the complaint from which it can be inferred that there was any type of "agreement or confederation with a common design." *Farris*, 61 F. Supp. 2d at 330.  This is not sufficient.  Plaintiff's conspiracy claim, therefore, will be dismissed, as it fails to state a claim upon which relief can be granted.

i.  "Child Forced Into Ultrahazardous Activity"

Plaintiff's last cause of action is titled "Child Forced Into Ultrahazardous Activity." Here Plaintiff alleges that each defendant knowingly engaged in "ultrahazardous activity" by permitting or engaging in the sexual exploitation of children.  It appears that Plaintiff is attempting to bring his claim under the "abnormally dangerous activity doctrine." *Bahrle v. Exxon Corp.*, 279 N.J. Super. 5, 37 (App.Div. 1995) ("The abnormally dangerous activity doctrine is premised on the principle that "one who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from

12

the activity, although he has exercised the utmost care to prevent the harm."). However, this doctrine is not applicable in the instant case. Further, to the extent that a strict liability theory is not applicable, Plaintiff's claim as set forth in this last cause of action is duplicative of other causes of action in the complaint. This "Twelfth Cause of Action," therefore, is dismissed.

D. Motion for Default Judgment and Appointment of Counsel

Plaintiff has moved for default judgment against all of the defendants. However, DYFS, Zion Church and Allen have appeared in this matter. Further, as set forth above, the claims against these defendants as well as Calhoun are dismissed. Only certain claims against the Estate are proceeding at this time, and the Estate has not answered or otherwise appeared in this action. Therefore, the Court shall enter default judgment against the Estate.

Plaintiff has also moved for the appointment of pro bono counsel. A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(l). District courts are vested with broad discretionary authority to determine whether counsel should be designated to such a civil *pro se* plaintiff. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir.1993). Given nature of this case and its procedural posture, the Court finds that the interests of justice require that an attorney assist Plaintiff at this juncture. The Court, therefore, shall grant Plaintiff's motion for the appointment of *pro bono* counsel.

E. Application to Compel Discovery

In light of the Court's appointment of counsel, Plaintiff's application for an Order compelling discovery shall be dismissed without prejudice. Plaintiff can renew any discovery motions, if appropriate, after *pro bono* counsel is appointed.

13

<u>F.  Conclusion</u>

For the reasons above, Plaintiff's claims for battery, intentional infliction of emotional distress, and negligence shall proceed against the Estate, and Plaintiff's motion for default judgment against the Estate is granted as to these claims.  Plaintiff's remaining claims against the Estate and all claims against the remaining defendants are dismissed.  Pro bono counsel shall be appointed to assist Plaintiff in this matter.  Plaintiff's application for an Order compelling discovery shall be dismissed without prejudice to being renewed, if appropriate, after the appointment of counsel.

/s/ JOEL A. PISANO
United States District Judge

Dated: May 20, 2009

14