UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BRIAN CARTER,

          Plaintiff,

          v.                              Civil Action No. 08-1301 (JAP)

ESTATE OF GEORGE BALDWIN        **MEMORANDUM ORDER**
LEWIS, JR., *et al.*,

          Defendants.

Before the Court is Plaintiff's motion for leave to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15. Plaintiff has also asked the Court to vacate an earlier Order that granted summary judgment in favor of defendant New Jersey Division of Youth and Family Services ("DYFS") to the extent that the Court held that Plaintiff had failed to file a timely notice of tort claims. This Court has considered the submissions in support of and in opposition to the motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiffs' motion is granted.

I. **Background**

Plaintiff, at the time proceeding *pro se*, filed his original complaint in this matter on March 3, 2008 in the Southern District of New York, and the matter was transferred to this district shortly thereafter. The complaint set forth various civil rights and state law tort claims against the Estate of George Baldwin Lewis (the "Estate"), AME Zion Church ("Zion Church"), Theodore Calhoun ("Calhoun"), DYFS, and Jeffrey Allen, M.D. ("Allen"), arising from Plaintiff's allegations that he was sexually abused as a child by his guardian, Reverend George

Baldwin Lewis, now deceased. On May 20, 2009, this Court dismissed Plaintiff's claims without prejudice as to defendants Calhoun, Zion Church and Allen. Plaintiff's claims against the Estate, with the exception of those for battery, intentional infliction of emotional distress, and negligence were also dismissed without prejudice. Plaintiff's claims against DYFS were dismissed with prejudice on Eleventh Amendment grounds and for failure to file a timely notice of claim. The Court granted Plaintiff's motion for default judgment against the Estate on the surviving claims and granted Plaintiff's motion for the appointment of counsel. Counsel for Plaintiff entered their appearances on June 19, 2009, and this motion followed.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 15, leave to amend the pleadings is generally given freely. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). However, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir.1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir.1978)). To establish prejudice, the non-moving party must make a

showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction.  *See Long*, 393 F.3d at 400.  Delay alone, however, does not justify denying a motion to amend.  *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  Rather, it is only where delay becomes " 'undue,' placing an unwarranted burden on the court, or ... 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate.  *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir.1984).  In examining whether the movant's delay is undue, the Court looks at the moving party's reasons for not amending sooner.  *Lyon v. Goldstein*, Civil Action No. 04-3458(MLC), 2006 WL 2352595, at *4 (D.N.J. Aug.15, 2006).  The same holds true in the Court's examination of bad faith.  *Id.*

   Further, a proposed amendment is appropriately denied where it is futile.  An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990) (internal quotation marks and citations omitted).  In determining whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard.  *See Alvin*, 227 F.3d at 121.  Under Rule 12(b)(6), a motion to dismiss will be granted if the plaintiff fails to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  When determining whether a claim should be dismissed under Rule 12(b)(6), the Court accepts as true all of the allegations contained in the complaint and draws reasonable inferences in favor of the plaintiff.

*See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

**III.    Analysis**

A.  Motion to Amend

Applying the relevant legal standard to the facts and circumstances of this case, the Court finds that Plaintiff should be granted leave to amend.  Defendant Allen has opposed the motion, arguing undue delay and futility.  The Court finds these arguments to be without merit.  As to Allen's first argument, counsel entered their appearances and shortly thereafter advised the Court of Plaintiff's intention to seek leave to file a second amended complaint.  By order dated July 20, 2009, Plaintiff was given until August 21, 2009 to file his motion.  The motion was timely filed on August 19, 2009.

Allen next asserts that Plaintiff's complaint would be futile because (1) the statute of limitations has run; and (2) he was not negligent in treating Plaintiff.  However, applying the appropriate 12(b)(6) standard, the Court finds that both of these grounds fail, as neither is evident from the face of the second amended complaint.  As such, the Court does not find that the amended complaint would be "legally insufficient on its face."  *See Harrison Beverage Co.,* 133 F.R.D. at 468.

Proposed defendants Gabriel Spiler, Watson Stillwagon, Fred Rhinehart and Gertrude Benjamin also oppose Plaintiff's motion on the ground that the § 1983 claim against them is futile.  These defendants argue that because no affirmative harmful act on their part is alleged, and because these defendants and Plaintiff allegedly did not have the requisite "special relationship," Plaintiff's claim is futile.  *See Nicini v. Morra*, 212 F.3d 798, 808 (3d Cir. 2000)

4

(holding that "when the state places a child in state-regulated foster care, the state has entered into a special relationship with that child which imposes upon it certain affirmative duties," and the "failure to perform such duties can give rise, under sufficiently culpable circumstances, to liability under section 1983").

Accepting all of the allegations in Plaintiff's complaint as true and drawing all reasonable inferences in favor of Plaintiff, the Court does not find Plaintiff's claim against these individual defendants to be futile. The amended complaint alleges that DYFS placed Plaintiff with Lewis, from which it is reasonable to infer the existence of the "special relationship" that is required by § 1983. Proposed Second Amended Complaint ¶ 21 ("DYFS, through Gabriel Spiler, Watson Stillwagon, Fred Rhinehart and Gertrude Benjamin, allowed Plaintiff to be taken to the house of a known pedophile . . ."). As such, the Court shall grant Plaintiff's motion for leave to file a second amended complaint.

B. Motion to Vacate

Plaintiff's claims against DYFS were dismissed with prejudice by the Court's earlier Order, and Plaintiff is not seeking to reassert its claims against DYFS through his second amended complaint (DYFS is not named as a defendant). Rather, Plaintiff points out that DYFS could have been dismissed from the case entirely upon Eleventh Amendment grounds,[1] and

---

[1] The Eleventh Amendment to the Constitution of the United States provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. As such, this Amendment bars suits against any state, or its agencies, in federal court by that state's own citizens or citizens of other states. *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S. Ct. 1347, 39 L. Ed.2d 662 (1974); *see also Bennett v. Atlantic City*, 288 F. Supp. 2d 675, 679 (D.N.J.2003) (stating that "[t]he breadth of state sovereign immunity protects not only states, but expands to protect entities

therefore seeks to vacate the Court's earlier Order to the extent that the Court dismissed Plaintiff's torts claims because it found that Plaintiff had failed to file a timely torts claim notice. Plaintiff, now represented by counsel, argues that there remain fact issues as to whether Plaintiff did send adequate notice to the State with respect to his claims, and seeks the opportunity to conduct third party discovery to confirm whether such notice was received.

The Court finds it to be in the interests of justice, particularly in light of the fact that Plaintiff was not previously represented by counsel, to grant Plaintiff's motion to vacate. Plaintiff's claims against DYFS shall remain dismissed based upon Eleventh Amendment immunity. However, to the extent that the Court previously found that Plaintiff's tort claims should be dismissed because Plaintiff failed to file a timely notice of claim, that portion of its Opinion and Order shall be vacated.

Accordingly,

**IT IS** on this 28th day of December, 2009

**ORDERED** that Plaintiff's motion [#76] is **GRANTED** and Plaintiff shall file and serve the Second Amended Complaint attached as Exhibit B to its reply papers within 10 days of the entry of this Order; and it is further

**ORDERED** that the portion of the Court's Opinion and Order dated May 20, 2009, granting summary judgment as to Plaintiff's torts claims against DYFS is hereby vacated.

/s/ JOEL A. PISANO
United States District Judge

---

and persons who can show that, even though the State is not the named defendant, the state is the real, substantial party in interest.").