NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRIAN CARTER | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 08-1301 (JAP) |
| v. | : | |
| | : | |
| ESTATE OF GEORGE BALDWIN LEWIS, JR., et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

PISANO, District Judge.

Presently, before the Court is a motion by defendant, Dr. Jeffrey Allen ("Dr. Allen" or "Defendant"), to dismiss the complaint based on the failure of Plaintiff, Brian Carter, to provide an affidavit of merit pursuant to N.J.S.A. 2A:53A-27. For the reasons below, the Court finds that an affidavit of merit is not required for the claims asserted against Dr. Allen. Accordingly, Defendant's motion is denied.

**I.  Background**

Plaintiff brings this suit against several defendants, including Dr. Allen, claiming that Dr. Allen and three other non-professional defendants were negligent in failing to report child abuse under a New Jersey statute requiring any person, with reasonable cause to believe a child is being abused, to report it immediately to Division of Youth and Family Services. N.J.S.A. 9:6-8.10. According to Plaintiff, Defendant is a licensed psychologist who treated Plaintiff when Plaintiff was a youth. Third Amended Complaint ¶ 53. Plaintiff alleges that during that time Dr.

1

Allen became aware that George Baldwin Lewis, whose estate is a named defendant in this case, had sexually abused Plaintiff, but Dr. Allen allegedly failed to report the abuse to a state or local authority.  *Id*. at ¶ 7.

Defendant, in his answer to Plaintiff's complaint, demanded an affidavit of merit.  Def. Br. 9.  Plaintiff has not provided an affidavit of merit to Defendant and consequently, Defendant now moves the Court to dismiss the case based upon the failure to provide the affidavit.

### II.     Legal Requirement of an Affidavit of Merit

Under the Affidavit of Merit Statute, when filing an "action for personal injuries … resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation," a plaintiff must provide, within 60 days of a defendant's answer to the complaint, an affidavit to each defendant by an "appropriate licensed person", indicating that there is a "reasonable probability" that the defendant's conduct fell outside the acceptable norms or standards of the profession.[1]  N.J.S.A. 2A:53A-26 *et seq*.  Upon a finding of good cause, the court may grant plaintiff one additional 60 day period.  N.J.S.A. 2A:53A-27.  The statute states:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

---

[1] Plaintiff may provide a sworn statement in place of an affidavit indicating: "the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; a written request therefor along with, if necessary, a signed authorization by the plaintiff for release of the medical records or other records or information requested, has been made by certified mail or personal service; and at least 45 days have elapsed since the defendant received the request." N.J.S.A. 2A:53A-28.

N.J.S.A. 2A:53A-27. This affidavit must be executed by a person licensed in any state, with particular expertise in the area involved in the action, as shown by a board certification or a devotion of their practice to the area for more than five years. *Id.* The person may also not have any financial interest in the outcome of the case. *Id.*

A plaintiff's failure to provide an affidavit is considered a failure to state a cause of action. N.J.S.A. 2A:53A-29. If a defendant files a motion to dismiss after the 120 day deadline and before a plaintiff has given the defendant the affidavit, the complaint will be dismissed with prejudice unless the doctrines of substantial compliance and extraordinary circumstances apply. *Ferreira v. Rancocas Orthopedic Associates*, 178 N.J. 144, 154 (2003) (holding that a motion to dismiss filed after plaintiff forwarded an affidavit of merit, which was obtained ten days after defendants' answer and forwarded eighteen days after the statutory 120 period, would not be granted because defendants did not further inquire or demand the affidavit until after the it was forwarded, no unnecessary expense was incurred by defendants due to the late arrival, and there was no delay in proceedings.)

An affidavit is only required if the underlying factual allegations of plaintiff's claim require proof of malpractice—*i.e.*, that the defendant's conduct deviated from a professional standard of care for his or her profession. *Couri v. Garner*, 173 N.J. 328, 340-41 (2002) (holding that the affidavit of merit statute was not applicable to a claim against a licensed psychiatrist, retained as an expert in a lawsuit, who distributed a preliminary report to other parties without consent because the underlying facts of the case did not require a proof of a deviation from a professional standard of care applicable to that specific profession.) "[B]y asking whether a claim's underlying factual allegations require proof of a deviation from a *professional* standard of care, courts can assure that claims against licensed professionals acting in a professional

3

capacity that require proof of ordinary negligence but not of a deviation from professional standards are not encompassed by the statute." *Id.* at 340-41 (emphasis in original).

### III. Discussion

#### A. The New Jersey Reporting Statute

Under the New Jersey Reporting statute, a duty falls on all citizens to report possible child abuse. The statute reads:

> Any person having reasonable cause to believe that a child has been subjected to child abuse or acts of child abuse shall report the same immediately to the Division of Youth and Family Services by telephone or otherwise. Such reports, where possible, shall contain the names and addresses of the child and his parent, guardian, or other person having custody and control of the child and, if known, the child's age, the nature and possible extent of the child's injuries, abuse or maltreatment, including any evidence of previous injuries, abuse or maltreatment, and any other information that the person believes may be helpful with respect to the child abuse and the identity of the perpetrator.

N.J.S.A. 9:6-8.10. Courts have held the duty to make such reports is not limited to professional persons, friends or neighbors, who are the persons ordinarily more apt to observe and detect evidence of child abuse, but the duty is required of every citizen. *See J.S. v. R.T.H.*, 155 N.J. 330, 343 (1998) (*citing State v. Hill*, 232 N.J. Super. 353, 356 (1989)).

#### B. An Affidavit of Merit is Not Required Because the Reporting Statute Applies to All Citizens and Does Not Impose a Higher Standard of Care to Professionals.

Defendant claims that this is a case of professional malpractice and therefore an affidavit is required. Def. Br. 9. Specifically, Defendant argues that in performing his duty to examine Plaintiff, Defendant had to exercise the use of his professional training and skills as a psychologist. *Id.* However, the Court finds that Plaintiff's claim does not sound in professional negligence, but rather the claim against Dr. Allen (just like the three other non-professional Defendants) is one for ordinary negligence.

4

As noted above, in determining whether the Affidavit of Merit Statute applies to a claim, the New Jersey Supreme Court has looked to whether "the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession." *Couri*, 173 N.J. at 340. The factual allegations underlying Plaintiff's claim against Dr. Allen do not require a showing that Dr. Allen deviated from the professional standard of care for licensed psychologists. Under the New Jersey Reporting Statute, professional persons, including psychologists, are not held to a higher reporting standard in reporting child abuse. *State v. Hill* at 356. The statute applies the same reporting standards to all persons. N.J.S.A. 9:6-8.10. Thus, in order to succeed on his claim, Plaintiff does not need to prove a deviation from the professional standard of care of a licensed psychologist. Therefore, an affidavit of merit is not required.

Further, even if Plaintiff's allegations can be construed as asserting a claim of professional negligence, Plaintiff does not need to provide an affidavit of merit because a juror, using his common knowledge, can evaluate the evidence to determine whether Dr. Allen was negligent. An affidavit is not required in a professional malpractice case if jurors can determine a defendant's negligence without needing an expert to demonstrate that a defendant breached a duty of care. *Hubbard v. Reed*, 168 N.J. 387, 394 (2001) (holding that under the common knowledge exception to the Affidavit of Merit statute, a lay person could use their common knowledge in determining whether a dentist was negligent in pulling the incorrect tooth of plaintiff). The purpose of the Affidavit of Merit statute is to require a plaintiff to demonstrate a threshold, by way of an affidavit of merit, to show their claim is meritorious. *Id.* Production of the affidavit helps establish that a duty of care existed and that the defendant breached that duty. *Id.* However, in common knowledge cases, an affidavit is not required to show the duty was

breached. *Id.* The common knowledge exception applies when the "jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the specialized knowledge of experts." *Id.* (quoting *Estate of Chin v. Saint Barnabas Med. Ctr.,* 160 N.J. 454, 469 (1999)). Here, since the statute applies to any individual who has "reasonable cause" to suspect that a child has been abused, Plaintiff will not need an expert to establish the duty of care or its alleged breach in reference to Dr. Allen.

### IV. Conclusion

For the foregoing reasons, the Court concludes an Affidavit of Merit is not required in this case and, accordingly, Defendant's motion is denied. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
United States District Judge

Date: May 18, 2011